(June 28, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, JAMES HABERSHAM, Appellant.—Judgment of the Supreme Court, New York County (Jay Gold, J.), rendered February 28, 1986, convicting defendant of robbery in the first degree and

sentencing him to an indeterminate term of imprisonment of from 9 to 18 years, unanimously affirmed.

The prosecution presented one witness, Detective O'Neill, at the combined *Wade/Sandoval* hearing. The detective testified as to the victim's identification of defendant in a photo array and, later, at a lineup. Defendant's attorney requested that he be allowed to call the victim, who was present in the courtroom. The request was denied. Defendant argues that the court's refusal denied him his constitutional right to confront and examine his accusers. We disagree.

Absent some suggestion that the identification procedure was so inherently and impermissibly suggestive as to deny due process of law, a defendant does not have an unqualified right to have an identifying witness produced at a *Wade* hearing. The Court of Appeals has recently considered this issue and held that a defendant does not have an absolute right to compulsory process at a *Wade* hearing. *(People v Chipp,* 75 NY2d 327.) Here, as in *Chipp,* "no indicia of suggestiveness was presented to the hearing court, nor indeed even at trial." *(Supra,* at 339.) As the evidence at the suppression hearing clearly demonstrates, the identification procedures in this case were impeccable. Nor does defendant even suggest that the complaining witness's testimony would have supported in any way his claim that the identification procedures were unduly suggestive. Thus, the hearing court was within its prerogatives in denying defendant's request to call the complaining witness. Concur—Murphy, P. J., Sullivan, Rosenberger, Asch and Wallach, JJ.